[Civ. No. 2197.  Second Appellate District.—February 13, 1917.]

## O. P. GIDEON, Appellant, v. P. A. HOWARD et al., a Copartnership, etc., Respondents.

NEGLIGENCE—BREAKING OF DEFECTIVE ROPE—INJURY TO EMPLOYEE OF BRIDGE COMPANY—ERRONEOUS NONSUIT.—In an action to recover damages for injuries sustained by an employee of a bridge construction company from the breaking of a rope while pulling away a board mold from around hardened concrete, it is error to grant a motion for nonsuit at the close of the case, where the evidence tends to show that the rope was known to the defendants to be worn and weakened to an extent that rendered it unfit for the purpose.

APPEAL from an order of the Superior Court of Los Angeles County denying a motion for a new trial.  J. P. Wood, Judge.

The facts are stated in the opinion of the court.

Miller & Miller, and E. B. Drake, for Appellant.

Flint, Gray & Barker, and Gray, Barker & Bowen, for Respondents.

SHAW, J.—In this action plaintiff sought to recover damages for personal injuries alleged to have resulted from the negligence of defendants as copartners.  At the close of the evidence, defendants offering none, the court, at their request, instructed the jury to render a verdict for defendants, which being done, judgment followed in accordance therewith.

The appeal is from an order of court denying plaintiff's motion for a new trial.

The question presented is one of law as to whether or not there was any substantial evidence as to facts determinative of the case upon which the jury could have properly found for plaintiff.

The evidence tends to establish the following facts: Plaintiff was an employee of defendants, who were contractors engaged in the erection of a bridge, in the construction of which wooden molds or forms were made into which concrete was deposited, and after it set and hardened these molds or forms

were detached therefrom. As such employee, plaintiff, with others, not only worked as a carpenter in making and installing these forms, but in detaching them from the hardened concrete walls by various means, among which was that of attaching thereto ropes provided by defendants and pulling them loose by hand. At the time in question, when plaintiff sustained the injuries of which he complains, two men had thus, for the purpose of removing one of the molds, attached a rope thereto, and, being unsuccessful in breaking it away, called upon plaintiff and another, who were at work on the bridge, to aid them in pulling it away. They responded, and their united strength applied in pulling upon the rope caused it to break, as a result of which plaintiff, with the others, all of whom were at the time on the ground, was precipitated backward into a depression some eighteen inches deep to a point ten or twelve feet distant, where he fell upon a stump, the others falling upon him, and, in some way undisclosed by the record, was injured. The rope was a five-eighths or three-fourths inch in size and about forty-five feet in length. Some three or four days prior to the accident, plaintiff, while using this rope on a scaffold some forty feet from the ground, discovered that it was badly worn, weakened, and cut, for which reason he removed it from the swing he was working on, came down, and informed Mr. Crump, the superintendent in charge of construction, of its condition, telling him that the rope was "not fit to work on," and threw it upon the ground under an abutment of the bridge, from which place his coemployee, when requiring a rope for use in detaching the mold, secured and used it for the purposes aforesaid, which fact, however, was unknown to plaintiff until after the accident.

At the time in question a statute then in force (Stats. 1911, p. 796), provided that in actions by employees to recover for personal injuries based upon want of reasonable care of the employer, contributory negligence of the employee should not bar a recovery where such negligence was slight and that of the employer, by comparison, gross; nor, as provided by the same statute, did the fact that the employee assumed the risk, or that the injury was due to the negligence of a coemployee, constitute a bar to his recovery. Since, therefore, negligence on the part of the plaintiff or that of a fellow-servant is not involved, the sole question presented by the record is whether or not there was any substantial evidence introduced from

which the jury might have found that defendants were guilty of negligence in furnishing a defective rope for plaintiff's use in pulling away the concrete mold. Not only did the evidence tend to show that the rope was supplied by defendants, but such fact is admitted by the answer, which denied only that they *negligently* furnished the same. The proximate cause of the injury was the breaking of the rope used by plaintiff, which use was within the scope of his employment. It was the duty of defendants to exercise reasonable care to provide their employees with safe appliances in the performance of the work required of them, and under the facts here presented the rope was an appliance which the evidence tends to show was, with defendants' knowledge, worn and weakened to an extent that rendered it unsafe for the purpose.

There is no merit in respondents' contention that the stump upon which plaintiff fell, and not the breaking of the rope, was the proximate cause of the injury. It is reasonably certain that but for the breaking of the rope plaintiff would not have fallen backward upon the stump and his coemployees would not have fallen upon him. But it may be that falling upon the stump contributed nothing toward his injuries; the record is silent upon that point. It might with equal logic be claimed that where a defective cable used in hoisting one to the top of a building breaks, precipitating him upon a pile of stone underneath, the pile of stone, and not the breaking of the cable, was the proximate cause of his injury.

It is further claimed that the circumstances were such that the defendants could not reasonably have anticipated an injury resulting from the breaking of the rope. This and the question as to whether or not the injury sustained by plaintiff was due to causes which men in defendants' position could, in the exercise of ordinary prudence, reasonably have foreseen and guarded against, are matters which, in our opinion, should, upon the record presented, have been submitted to the jury.

The order denying plaintiff's motion for a new trial is reversed.

Conrey, P. J., and James J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 12, 1917.